**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| **ERIC DRAKE** | § | **Case Number: 2:21-cv-02636** |
| *Plaintiff* | § | |
| v. | § | |
| | § | **JURY DEMAND** |
| **FEDEX GROUND PACKAGE** | | |
| *Defendants* | | |

**PLAINTIFFS' MOTION TO RECUSE MAGISTRATE ANNIE CHRISTOFF**

TO HONORABLE SAID JUDGE:

Pursuant to 28 USC §§ 144, 455(a)(b)(1)(2)(5)(ii)(iv), Eric Drake hereby moves to recuse Magistrate Judge Annie Christoff from the above case. This motion is supported by a certificate and a declaration by the Plaintiff, Eric Drake. Declaration is annexed hereto as **Exhibit A**. Pursuant to §144 Drake moves for the Court to refer this motion to an independent judge in the division for a hearing. The grounds for this motion are contained herein. In sum, the principal grounds are:

a). The Magistrate is biased and hostile toward Plaintiff. Judge Christoff have apparently conspired with the judges in Texas or FedEx employees to send the above cause of action to Northern District of Texas where it will be dismissed by corrupt federal judges;

b). The Magistrate is more interested in the above case than she should be if she is impartial to both parties to the litigation;

c). Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his or her impartiality might reasonably be questioned.

28 U.S. Code §144 – Bias or Prejudice of Judge:

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

A judge should be recused when he has an interest in the case. Each judge that is sworn in has a duty to discover the truth in each case, and not conspire with others or try to hide the truth. For the Court's review and reminder, below is what you swore to:

"I Annie Christoff do solemnly swear that I will administer justice without respect to persons, and do equal right to the poor and to the rich, and that I will faithfully and impartially discharge and perform all the duties incumbent upon me as a federal judge under the Constitution and laws of the United States. So help me God."

Those words do not mean anything to a person who does not apply them impartiality and evenly. Judge Annie Christoff failed to uphold her oath.

## PARTIALITY IS NOT A BY-PRODUCT OF INTEGRITY

Improper denial of motions seeking recusal may have serious consequences. First, it can deprive citizens like the Plaintiff of his right to a "neutral and detached judge."[1] Second, it can diminish public trust in the judicial system, which requires confidence in the impartiality of judges. But when judges are partial to a party, as in this case, it does not just erode the judicial process; it destroys the integrity of the judiciary.

The two principal statutes dealing with judicial recusal are 28 U.S.C. § 144, "Bias or prejudice of judge," and 28 U.S.C. § 455, "Disqualification of justice, judge, or

magistrate." A judge should recuse herself from the bench when she is not interested any longer in fulfilling the oath, which they swore to, and when the judge is more interested in the case than he should be to be impartial, as in the case at bar.

Section 144 aims exclusively at actual bias or prejudice, whereas section 455 deals not only with actual bias as well as other specific conflicts of interest, but also with the appearance of partiality. Section 144 is triggered by a party's affidavit, whereas section 455 not only may be invoked by motion, but also requires judges to recuse sua sponte where appropriate. Additionally, section 144 applies only to district judges while section 455 covers "any justice, judge, or magistrate of the United States."

The Court erred and abused its discretion in the following ways:

a). Failed to conduct a hearing on several issues, in particularly the issue of whether or not the Texas courts did in fact properly issue a prefiling order against the Plaintiff. And how long is too long for a prefiling order against a U.S. citizen. Magistrate Christoff did not care, which violate the oath she took before God. Judges in the Northern District and Eastern District of Texas would consider lynching blacks as doing God's work, and by filing fraudulent prefiling orders against them and laughing about it.

The new section 455(a) replaced the subjective standard of the 1948 statute with an objective standard. It is no longer the case that a judge should recuse where "in his opinion" sitting would be improper, but rather where his or her impartiality "might reasonably be questioned." Also, section 455(b) spells out certain situations in which partiality is presumed and recusal is required.

[1] Ward v. Village of Monroeville, 409 U.S. 57 (1972).

Judges should keep in mind that sections 455(a) and (b) provide separate (though substantially overlapping) bases for recusal. The former deals exclusively with the appearance of partiality in any circumstance, whereas the latter pertains to conflicts of interest in specific instances. Thus, the existence of the facts listed in section 455(b) requires recusal, even if the judge believes they do not create an appearance of impropriety.[2] Any circumstance in which a judge's impartiality might reasonably be questioned, whether or not touched on in section 455(b), requires recusal under section 455(a).

In addition, where section 455(b) sets forth a particular situation requiring recusal, it will tend to control any section 455(a) analysis with respect to that specific circumstance. There is another important difference between sections 455(a) and (b). Under the express terms of section 455(e), in cases involving an appearance of impropriety under section 455(a) the parties may waive disqualification of the judge. By contrast, waiver is not permitted when recusal is pursuant to section 455(b).

## II. DISQUALIFICATION: SECTION 455(b)

A. Personal Bias, Prejudice, or Knowledge: Section 455(b)(1).

Subsection 455(b)(1) requires a judge to disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." The standard for determining disqualification is "whether a reasonable person would be convinced the judge was biased." Petitioner believes that a reasonable person would believe that Judge Christoff should recuse herself.

Recusal under Section 455(b)(1) is required only if actual bias or prejudice is proved by compelling evidence.'"[3] The Seventh Circuit Court of Appeals held that section 455(b)(1) required recusal where a judge who was briefed privately by a panel of experts declined to inform the parties about the briefing's contents. The court acknowledged that section 455 is primarily concerned with knowledge gained "outside a courthouse"; however, knowledge acquired in a judicial capacity typically "enters the record and may be controverted or tested by the tools of the adversary process.

The Fifth Circuit reversed a refusal to recuse where a relative of the judge was a major participant in transactions relating to the defendant's indictment and "that relative had communicated to the judge . . . material facts and her opinions and attitudes regarding those facts."[4]

In *United States v. Alabama*,[5] the Eleventh Circuit held that the trial judge should have recused himself from a lawsuit against Alabama and its state universities where the judge had been a state legislator involved in legislative battles germane to the litigation. The judge was "forced to make factual findings about events in which he was an active participant."[6]

---

[2]Brokaw v. Mercer County, 235 F.3d 1000, 1025 (7th Cir. 2000) (citing Hook v. McDade, 89 F.3d 350, 355 (7th Cir. 1996)).

[3]Id. at 1025 (concluding that a reasonable person would not be convinced of bias based solely on judicial rulings, which didn't demonstrate evidence of "personal animosity or malice," and thus recusal wasn't required under section 455(b)(1); also holding recusal not required under section 144 using identical analysis).

[4]In re Faulkner, 856 F.2d 716, 721 (5th Cir. 1988).

[5]828 F.2d 1532 (11th Cir. 1987).

[6]***Id***. at 1545.

[7]United States v. Microsoft Corp., 56 F.3d 1448 (D.C. Cir. 1995).

[8]Id. at 1463.

The D.C. Circuit remanded a case to a different trial judge where, among other things, the original judge appeared to be influenced in his handling of a case by his private reading of a book related to the case.[7] While the court did not explicitly cite section 455(b)(1), the facts and holding of the case suggest the relevance of this subsection. The court noted that "the book's allegations are, of course, not evidence on which a judge is entitled to rely."[8]

Pursuant to 28 U.S.C. §455(a), a Magistrate Judge shall disqualify himself under the following circumstance:

Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

The Supreme Court's decision in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002) makes it clear that plaintiffs are not required to plead the elements of a prima facie case under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), to survive a motion to dismiss. However, by transferring the case to the Northern District of Texas is an intentional act to dismiss the above cause. Christoff's behavior is not just a reckless disregard for justice, but appears to be a conspired effort to dismiss the above cause.

It appears that Christoff is referred to many cases involving FedEx, and as such, her rulings have been partial to FedEx. Plaintiff believes that a judge who is almost guaranteed to be referred to a billion dollar company is unhealthy legally and borderline on asking for partiality and possibly conspiracy. In the case at bar, Christoff aim is to dismiss a case that has historical evidence of racism. She is fully aware that FedEx could not win this case before a jury, hence, by disposing of the case through a transfer she be-

comes FedEx closet ally, thus reasons enough to remove her from the above cause and quashing RR report submitted by her on or about February 12, 2024. Even if the Court transfers the above cause, the Plaintiff will sue FedEx each upper management in courts all over the country—until justice is done. Annie Christoff is a protector of FedEx and is used to dismiss lawsuits against FedEx and its upper management such as *Dixit v. Smith et al* and several other cases. FedEx has apparently a Magistrate in its pocket. Christoff's interest in FedEx cases is not imaginary, but she should be disqualified because her impartiality is reasonably be questioned. *Farmer v. Banco Popular of N. Am.*, Civil Action No. 11-cv-01268-WYD-MEH (D. Colo. Jan. 14, 2013).

Plaintiff would desire to know the relationship that Annie Christoff has with FedEx executives and or any of its employees, including any relations that her husband Michael Christoff has with any FedEx employees in any capacity, and or how much FedEx stock Annie and Michael might own.

28 U.S.C.§ 455(b). Thus, "Section 455(a) covers circumstances that appear to create a conflict of interest, whether or not there is actual bias," while "Section covers situations in which an actual conflict of interest exists, even if there is no appearance of one." *Herrington v. Sonoma County*, 834 F.2d 1488, 1502 (9th Cir. 1987) (emphasis in original, citations omitted).

The purpose of Section 455 is "to avoid even the appearance of partiality." *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 860 (1988) (citation omitted). In this case, there is more than an appearance of partiality when Christoff recommends transferring a case to another district when a transfer is not necessary. Thus, the standard

for disqualification "is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (internal quotation marks, citations omitted). The "reasonable person" is a "well-informed, thoughtful observer" and not an individual who is "hypersensitive or unduly suspicious." *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008) (internal quotations omitted).

Plaintiff is requesting immediate depositions of Magistrate Annie Christoff and her husband Michael Christoff to determine their relationships with any FedEx employees, including any gifts given to either of them by FedEx companies or employees, at any time. In the interim, Plaintiff request that another Magistrate: Charmiane Claxton is assigned to the above caused and that Christoff's RR report is set aside and allow jurisdictional discovery before the Court considers a transfer in the above cause of action.

A motion to disqualify a magistrate judge pursuant to either 28 U.S.C. §§ 144 or 455 shall be decided by the district judge assigned to the case. If the district judge denies the motion to recuse Christoff, Plaintiff will file a Mandamus with the Sixth Court of Appeals and other litigation. There is simply no reason to transfer the above cause, except to dismiss the case prior to any evidence of the harsh race discrimination is submitted into evidence. For the district judge to allow the RR report to stand and the Magistrate to continue in light of the fact that the above case should not be transferred, it certainly does not promote public confidence in the integrity of the judicial process. Does the Court really believe that after reviewing the Plaintiff's memorandum that the above cause should be transferred for all the reasons given to the Court? However, Christoff's actions

are to assist FedEx in disposing of a case that FedEx simply cannot win. And the Plaintiff will fight this case for a lifetime if necessary.

A judge is to recuse himself when "a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him, or in favor of any adverse party." 28 U.S.C. § 144. There is no argument sufficient that could sustain a transfer in the above cause of action to a district where there are only two main witnesses: the Plaintiff and Cole Brewster. Mr. Brewster does not reside in the Northern District of Texas any longer from the Plaintiff's information. The Plaintiff is not a resident of Texas. Furthermore, FedEx has consolidated its companies under one command, thus Magistrate's desire to transfer the above cause for the reasons given in her RR report cannot be sustained. In other words, FedEx Corporation and Mr. Raj Subramaniam is now over Scott Ray the president of FedEx Ground Packaging and all one big company.

Furthermore, the most revealing witness in this case is the video where Cole Brewster is using harsh racial language towards the Plaintiff and the audiotape where he is threatening the Plaintiff to do him bodily harm. Most likely Brewster was armed, because he has been arrested for unlawfully carrying a firearm.

The "matter in controversy" has been defined broadly by courts of appeals, requiring recusal even in cases where the matter under consideration seemed separate from the earlier case. For example, in *In re Rogers*[11] defendants were charged with using unlawful means to secure passage of a bill in the state legislature. A former law partner of the trial judge had represented a company in its own efforts to get the bill passed. Defendants planned to argue that their conduct was no more culpable than that of the company represented by the judge's former partner, whom they planned to call as a witness. Holding that recusal was required under section 455(b)(2), the Fourth Circuit observed that "the actual case before the court consists of more than the charges brought by the government. It also includes the defense asserted by the accused. Here, this defense, in part at least, will consist of matters in which the judge's former partner served as lawyer."[12]

The Ninth Circuit held that recusal was required where the judge's former law firm represented a nonparty company that faced a potential claim for indemnification if the government were found liable. The firm also represented that client in a state court action brought by the same plaintiff concerning the same events as before the trial court.[13]

[11] 537 F.2d 1196 (4th Cir. 1976).
[12] *Preston v. United States*, 923 F.2d 731, 734–35 (9th Cir. 1991). Cf. *In re FCC*, 208 F.3d 137 (2d Cir. 2000) (per curiam) (holding sua sponte that law firm hired to represent debtor on appeal must withdraw from case because it would compromise appellate judge, a member of the panel, who used to be partner at firm).
[13] *United States v. DeLuna*, 763 F.2d 897, 908 (8th Cir. 1985).

## III. <u>FINANCIAL INTEREST: SECTION 455(b)(4)</u>

Subsection 455(b)(4) requires disqualification where a judge "knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the out-come of the proceeding." This section is right on point to the circumstances regarding Annie because Plaintiff does not know if Annie or her husband Michael owns any FedEx stock, and if so, how much stock and in whose name. Section 455(d)(4) defines "financial interest" for the purposes of section 455(b), and provides specific exemptions, such as investment in a mutual fund or ownership of government securities. Note that, apart from such exemptions, even the <u>smallest financial interest</u> (e.g., ownership of a single share of stock) requires recusal. It is a judge's duty to keep abreast of all of his or her financial interests.[14]

Courts of appeals have interpreted "financial interest" to refer to a direct interest, not a "remote or contingent" interest. In a case involving the constitutionality of a "privilege" tax as applied to federal judges working within Jefferson County, the Eleventh Circuit raised the issue of recusal *sua sponte* where "nine of the en banc panel's twelve judges [had] sat in Jefferson county at least one day—and some a few days more." Because the city had never tried to collect the privilege tax from a federal judge who did not have chambers in the county, and none of the Eleventh Circuit judges had chambers in Jefferson County, the court held that any possible interest the judges may have was too

[14]In June 2001 the Standing Committee on Rules of Practice & Procedure of the Judicial Conference approved proposed amendments to the civil, criminal, and appellate rules that require a nongovernmental corporate party to a proceeding to file a statement identifying any parent corporation or publicly held corporation that owns 10% or more of its stock. This disclosure is meant to aid judges in decisions about disqualification under Canon 3C(1)(c). Under the proposed criminal rule, the government must also file a statement identifying an organizational victim of a crime and providing the same information on a corporate victim that a nongovernmental corporate party must file.

remote and contingent to constitute a financial interest.[15] Similarly, in an antitrust case alleging price-fixing by oil companies, all of the trial judges in the district were residents of New Mexico whose future utility bills could have been affected by the outcome of the litigation. The Tenth Circuit held that this was too remote and contingent to qualify as a "financial interest" under section 455(b)(4).[16] In each case, the courts considered the potential benefit an "other interest" under the statute, which meant, under section 455(b)(4), that recusal was required only if this "other interest" would be "substantially affected by the outcome of the proceeding."

In this case Magistrate Christoff is attempting to sabotage a race discrimination case that not only supports race discrimination, but also proves it beyond a reasonable doubt by exculpatory evidence comprised of video and audiotapes to assist a billion dollar company FedEx. If Annie or Michael Christoff owns any stock in FedEx—regardless of how little, this would be enough interest that would preclude her from continuing to preside in the above cause. And justification of disposing of her RR report.

In *Potashnick v. Port City Construction Co.*, the Fifth Circuit adopted a *per se* rule requiring recusal where a relative of the judge is a partner in a law firm representing a party in the case: "[W]hen a partner in a law firm is related to a judge within the third degree, that partner will always be 'known by the judge to have an interest that could be substantially affected by the outcome' of a proceeding involving the partner's law firm."

---

[15]***Id.*** at 1582. The court also held that disqualification would be contrary to the rule of the necessity. Id. at 1583, 1584. See infra note 293 and accompanying text.

[16]*In re New Mexico Natural Gas Antitrust Litig.*, 620 F.2d 794, 796 (10th Cir. 1980).

IV. DISQUALIFICATION BASED ON QUESTION OF PARTIALITY: SECTION 455(a)

A judge contemplating recusal should not ask whether he or she believes he or she is capable of impartially presiding over the case. The statute requires recusal in any case "in which [the judge's] impartiality might reasonably be questioned." Because of that language, every circuit has adopted some version of the "reasonable person" standard.[17]

Apart from application of the reasonable person standard, in which the determination under section 455(a) is objective. The Supreme Court has held that a violation of section 455(a) takes place even if the judge is unaware of the circumstance that created the appearance of impropriety. In *Liljeberg v. Health Services Acquisition Corp.*,[18] the trial judge was a member of the board of trustees of a university that had a financial interest in the litigation, but he was unaware of the financial interest when he conducted a bench trial and ruled in the case. The court of appeals nevertheless vacated the judgment under Fed. R. Civ. P. 60(b) because the judge failed to recuse himself pursuant to section 455(a), and the Supreme Court agreed. Noting that the purpose of section 455(a) is to promote public confidence in the integrity of the judicial process, the

[17] See, e.g., *United States v. DeTemple*, 162 F.3d 279, 286 (4th Cir. 1998), cert. denied, 119 S. Ct. 1793 (1999); *In re Hatcher*, 150 F.3d 631, 637 (7th Cir. 1998); *Baldwin Hardware Corp. v. Franksu Enter. Corp.*, 78 F.3d 550, 557 (Fed. Cir. 1996); *Blanche Rd. Corp. v. Bensalem Township*, 57 F.3d 253, 266 (3d Cir. 1995); *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992); *Vieux Carre Prop. Owners v. Brown,* 948 F.2d 1436, 1448 (5th Cir. 1991); *In re Barry*, 946 F.2d 913, 914 (D.C. Cir. 1991); *United States v. Nelson*, 922 F.2d 311, 319 (6th Cir. 1990); *Little Rock Sch. Dist. v. Arkansas*, 902 F.2d 1289, 1290 (8th Cir. 1990); *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988); *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987); *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986); *In re United States*, 666 F.2d 690, 695 (1st Cir. 1981).

[18] 486 U.S. 847 (1988).

Court observed that such confidence "does not depend upon whether or not the judge actually knew of facts creating an appearance of impropriety, so long as the public might reasonably believe that he or she knew."[19]

An Eighth Circuit case, *United States v. Tucker*,[20] is noteworthy for the court's ruling on the standard for recusal. The Office of Independent Counsel (OIC) sought recusal of the district judge because of "reported connections among Judge Woods, the Clintons, and [defendant] Tucker,"[21] connections it chronicled with various newspaper articles. Although none of the articles directly connected the judge to the defendant, the Eighth Circuit ordered remand of the case to a different judge, noting the judge's connection to President and Mrs. Clinton—that is, the judge had worked with and admired Hillary Clinton and had spent a night in the White House. The court further noted that "President and Mrs. Clinton have been reported to have expressed continued support for Tucker since his indictment by the grand jury" and attended a fund-raising luncheon for him.

[19] Id. at 860.

[20] 78 F.3d 1313, 1324–25 (8th Cir. 1996). The decision also involved the use of an unusual procedure for requesting recusal of the district judge. Instead of presenting the issue to the judge directly, the appellant presented the request for the first time on appeal. The court of appeals held that it was empowered, pursuant to 28 U.S.C. § 2106, to direct the entry of any order "as may be just under the circumstances," including the reassignment of the case to a different district judge where, under 28 U.S.C. § 455(a), the judge's "impartiality might reasonably be questioned." Id. at 1324. See also United States v. Microsoft Corp., 253 F.3d 34, 109 (D.C. Cir. 2001) (In "a departure from [its] usual practice of declining to address issues raised for the first time on appeal," the D.C. Circuit considered Microsoft's request for disqualification of the trial judge since "the full extent of [the judge's] actions [were] not [] revealed until this case was on appeal."). Id. at 108.

[21] Tucker, 78 F.3d at 1325.

The Eleventh Circuit held that the trial judge should have recused himself where his law clerk's father—who himself had been the judge's law clerk—was a partner in the law firm representing one of the parties.

The Fourth Circuit reversed a refusal to recuse where, while a jury trial on damages was pending against an automobile company, the judge gave a speech at an Auto Torts Seminar that expressed hostility toward defendants and defense counsel in such cases.

In *Kidder, Peabody & Co. v. Maxus Energy Corp.*, 206 the judge sold stock as soon as he learned that the corporation in which he owned stock held a large percentage of the stock of one of the parties.

The Second Circuit noted that his curative action pursuant to section 455(f) prevented the waste of "three years of the litigants' time and resources and substantial judicial efforts. This case is directly inline with the above cause [w]here Magistrate Annie Christoff certainly might own a percentage of FedEx stock. If so, Christoff should have recused herself from the above cause.

## V. THE ASSIGNMENT OF A DIFFERENT JUDGE TO HEAR THE RECUSAL MOTION

The Petitioner requested that another judge not in this district hear the recusal motion that he filed against Annie Christoff. Plaintiff have made this requests, because he would like to put the Magistrate on the stand and have her testify to the amount of stock she and her husband Michael owns of FedEx and whether or not she or her husband have any FedEx executives as friends. Section 144 requires the judge to transfer the motion

once he or she has determined that the affidavit is legally sufficient. Section 455 does not have the same requirement.

## VI. BIAS OR PREJUDICE: SECTION 144

On its terms, section 144 makes a district judge's recusal mandatory upon a timely and sufficient affidavit accompanied by a certificate from counsel that the affidavit is made in good faith.

Section 144 reads as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of re- cord stating that it is made in good faith.

Unlike section 455(a), which can be brought by motion but also requires judges to recuse *sua sponte* where appropriate, section 144 is triggered only by the submission of an affidavit and motion for recusal. The Petitioner has filed his motion to recuse based on both 455 and pursuant to 144. The Third Circuit had held a refusal to recuse improper,

even though "probably the district court is right that there is no basis for the allegations" that the judge made improper statements (e.g., "If I had anything to do with it you would have gone to the electric chair."). The court of appeals expressed "sympathy with district judges confronted with what they know to be groundless charges of personal bias" but held that section 144 requires acceptance of factual allegations as true.

## VII. PETITIONER'S FURTHER ARGUMENT AND CONCLUSION

Undoubtedly, there is extreme bias and prejudice toward the Plaintiff by the Magistrate, and that Annie Christoff most likely have conspired with the judges in Texas. Under the circumstances, Magistrate Christoff's deposition will clarify her relationships with FedEx as a company and with any of its employees and executives as set forth herein. Therefore, Magistrate Christoff most likely have personal knowledge that involves outside of the Court's docket, thus she should disqualified herself forthwith. *United States v. Alabama*, 828 F.2d 1532, 1545 (11th Cir. 1987) states:

> The language of §455(b) is unequivocal:
>
> [A] judge shall also disqualify himself in the following circumstances:
>
> (1) Where he has . . . personal knowledge of disputed facts concerning the proceeding …
>
> The Reporter's Notes to the Code of Judicial Conduct are equally clear, "The Committee also concluded that a judge cannot be, or cannot appear to be, impartial if he has personal knowledge of evidentiary facts that are in dispute."

The conduct of Magistrate Christoff that is complained about herein demonstrates that a reasonable person would believe that there is a lack of impartiality, the appearance of lack of impartiality, and unquestionably a lack of *integrity* in regards to Christoff's RR report of transferring the above cause to a hostile and racially inclined jurisdiction. Subsequently, Magistrate Christoff cannot be trusted to provide the appearance of impartiality or impartiality itself. *Liteky v. United States*, 5110 U.S. 540, 555, 564 (1994); *United States v. Kelly*, 8888 F.2d 732, 744–45 (11th Cir. 1989); see *Whitaker v. McLean*, 118 F.2d 596 (1st Cir. 1941).

The statute [28 U.S.C. § 455] also did away with the 'duty to sit' so the benefit of the doubt is now to be resolved in favor of recusal.'' *United States v. Alabama*, 828 F.2d 1532, 1540 (11th Cir. 1987).

Numerous cases disqualify judges who have demonstrated lack of impartiality in circumstances similar to the one presented here. *United States v. Alabama*, supra at 1546 (Litigants also are entitled to have their case decided by a judge who can approach the facts in a detached, objective fashion.''); *United States v. Wecht*, 484 F.3d 194, 233-34 (3d Cir. 2007) In the case at bar, it is very apparent that Magistrate Christoff desire is to dismiss the above cause and assist FedEx is disposing of Plaintiff's case. ("A trial judge must not abandon his proper role and assume that of an advocate'''); *Crandall v. United States*, 703 F.2d 74 (4t h Cir .1983), ("A trial judge must assiduously perform his function as a governor of the trial dispassionately, fairly, and impartially''); *United States v. Bland*, 697 F.2d 262, 265 (8th Cir.1982) ("A trial judge cannot assume the mantle of an advocate''); *In re Antar*, 71 F.3d 97, 101-02 (3d Cir. 1995); *Gardiner v. A.H Robins*

*Co.*, 747 F *2 d 1 180 51 191-92 (8th cir. 1984); *United States v. Wilensky* 757 F.2d 74 (4th cir. 1983); In re Marshall, 403 B.R. 668, 679 (C.D. Cal. 2009) ("neutrality is absent where the Judge ads as an advocate for one side").

When a judge purposely fails to understand the mere facts of *plaintiffs* case, there is a pattern of abuse, which recusals or disqualifications are all but automatic. *Alexander v. Primerica Holdings, Inc.*, 10 F.3d 155, 164-65 (3d Cir. 1993). Magistrate Christoff has no evidence that the prefiling order is valid that she referred to in her RR report, and it appears that she does not care. A judge, like a minister has a responsibility that goes beyond what the minimum in their position, for in both cases judges like ministers take an oath before God. As in this case, Magistrate Christoff is used to dealing with criminals as a U.S. attorney; her compassionate skills have been purposely dulled to be the hand of the oppressive U.S. Government. She might attend church, but she is nevertheless more secular than Christian.

There is no doubt that Magistrate Christoff has exhibited a personal interest in the outcome of the above litigation. *United States v. Craig*, 875 F. Supp. 8 16 (S.D. Fla. 1994); see *Hurles v. Ryan*, 201 1 U.S. App. Lexis 138 19, *3 1 (9th Cir. 201 1) (efforts of judge to defend his own ruling).

Magistrate Christoff denied the Plaintiff any discovery and failed to recite any reasons for such conduct. Plaintiff believes that recusal is therefore required on the additional grounds of the deeply plowed intentional acts to dismiss the above cause of action. However, when a plethora of unsupportable rulings are combined with other evidence of partiality, recusal is also required. See *Liteky*, supra; *Thomas v. Tenneco*

*Packaging Co.*, 294 F.3d 1306, 1329 Cir 2002); United States v. Kelly, 888 F.2d 732, 744-45 (11th Cir. 1989); *Philips v. Joint Legislative Committee*, 637 F.2d 1014, 1020 (5th Cir. 1981).

Conclusively, the Plaintiffs case was targeted for dismissal when his case was assigned to Magistrate Christoff. Racism remains a real threat to people of color in the United States. Thus, the possibility of the Plaintiff receiving a fair and impartial hearing, or judgment regarding Christoff appears to be extremely unlikely.

The due process clauses of the U. S. Constitutions guarantee a party an impartial and disinterested tribunal in civil cases, ***even for black and Hispanic citizens in the twenty-first century***. *Marshall v. Jerrico, Inc.*, 446 U.S. 238, 242, 100 S.Ct. 1610, 1613 (1980). It is obvious by Christoff's February 12, 2024 order that she formed a negative opinion of the Plaintiff.

In addition, Plaintiff will be deprived of a fair trial and hearings in violation of the due process clauses of both the federal constitution and Federal Rule of Civil §455(a) because now that Magistrate Christoff know that the Plaintiff will filed a complaint with the Sixth Circuit and a special board in Washington, DC, her impartiality would be more than reasonably questioned.

In determining whether the district judge must recuse himself under §455(a), the question is whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis on the merits. *In re Kensington Int'l*, 368 F.3d at 303. *U.S. v. De Temple*, 162 F.3d 279, 287 (4th Cir. 1988). Doubts must be resolved in favor of recusal. *Murray v. Scott*, 253 F.3d 1308, 1310 (11th Cir.2001).

Hence, Plaintiff Eric Drake respectfully requests that Magistrate Annie Christoff

recuse herself from the above entitled, numbered and styled cause of action and from all other cases that the Plaintiff might be a party in the future, Rule 28 U.S.C. §§144, and 455 (a)(b)(1)(2)(5)(ii)(iv). Plaintiff believes there is a reasonable factual basis for calling Magistrate Christoff's impartiality into question. *In re Kensington Int'l*. Magistrate Christoff has exhibited what the Plaintiff believes to be outward manifestations of partiality against the Plaintiff. *U.S. v. Cooley*, 1 F.3d 985, 995 (10th Cir.1993). Plaintiff also request that Magistrate Christoff's RR report is stricken from the record, allow another report to be written by the district judge. It is the Plaintiff's legal opinion that he has established a clear and indisputable right to the recusal of Magistrate Christoff. The Magistrate has also failed to perform a nondiscretionary duty. *In re Kansas Pub. Employees Ret. Sys.*, 85 F.3d 1353, 1365 (8th Cir. 1996). Further, Plaintiff does not believe that it is possible for Christoff to self-enforce herself, if that was true, she would have recused herself.

WHEREFORE, PLAINTIFF Eric Drake Pray that Magistrate Christoff recuses herself from the above entitled, numbered and styled cause of action without delay, and that Magistrate Annie Christoff recuse herself from all other pending civil cases in the Court involving the Plaintiff.

Respectfully submitted,

*/s/ Eric Drake*
Eric Drake
P.O. Box 177
Duluth, Georgia 30096
Telephone: (912) 281-77100
Email address:
directdrakeemail@gmail.com

CERTIFICATE OF COUNSEL OF GOOD FAITH

Pursuant to 28 U.S.C. § 144, Eric Drake, *pro se* in this action, certifies, this 22nd day of February, 2024, that the instant motion and declaration of the Plaintiff, Eric Drake to which it is affixed are: 1). Made in good faith and 2). True and correct to the best of my knowledge and belief.

*/s/Eric Drake*
Eric Drake

**CERTIFICATION OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been delivered in accordance with the Federal Rules of Civil Procedure, on this the 22nd day of February, 2024 to counsel for the Defendants.

*/s/Eric Drake*
Eric Drake

**CERTIFICATION OF CONFERENCE**

On February 14, 2024, the Petitioner attempted to conference with FedEx attorneys about the Plaintiff's Motion to Recuse, but counsel for FedEx never returned Plaintiff's calls.

*/s/Eric Drake*
Eric Drake

# Exhibit A

Declaration of Eric Drake in Support
of Recusal of Magistrate Annie Christoff

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| **ERIC DRAKE** | § | **Case Number: 2:21-cv-02636** |
| ***Plaintiff*** | § | |
| **v.** | § | |
| | § | **JURY DEMAND** |
| **FEDEX GROUND PACKAGE** | | |
| ***Defendants*** | | |

**DECLARATION OF ERIC DRAKE IN SUPPORT OF MOTION TO RECUSE JUDGE ANNIE CHRISTOFF**

I, ERIC DRAKE, declare as follows:

My name is Eric Drake. I am over the age of 21. I am fully competent and capable of stating the matters set forth herein below, which matters are personally known to me.

I am the Plaintiff in the above-numbered and styled civil case, and referred herein as the affiant. Annie Christoff shall be referred to as "Christoff."

After reviewing Magistrate's Annie Christoff's RR report, it is evident to affiant that she is attempting to dismiss the above cause by transferring the case to an antagonistic and corrupt district court. It is affiant's belief that Christoff has a personal bias or prejudice against him, which could be on account of his race. Affiant has reason to believe that Christoff is partial to FedEx by her rulings historically. When a judge recommends transferring a case, when there isn't need for a transfer there is an extra-judicial issue. And when transferring the case is an indirect premeditated act to dismiss the case, this, in the affiant's opinion, is sufficient enough reason to request a disqualification of Christoff's based on the fact that her impartiality is reasonably called into question in regards to her actions in the above entitled, numbered and styled cause.

[W]hat matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). Under § 455(a), "a judge has a continuing duty

to recuse before, during, or, in some circumstances, after a proceeding, if there exist to an objective observer reasonably to question the judge's impartiality." *United States v. Cooley*, 1 F.3d 985, 992 (10th Cir. 1993). Affiant believes that Christoff RR report of transferring the above cause to a hostile district is an effort to protect FedEx, and it is indicative of demanding for Christoff recusal because of her partialness towards FedEx.

Furthermore, Christoff came to the conclusion that the affiant filed the above cause in the Court to elude a prefiling order issued by the Texas courts, which is simply not true—but it sounds like what a prosecutor might say. Affiant filed the above cause in this Court because this is jurisdiction of the headquarters of FedEx Corporation and under civil provisions of federal statutes, this would be considered a proper jurisdiction—especially now since it is affiant understanding that FedEx has put all of its companies under one command. Christoff ignored the affiant's request for jurisdictional discovery. A court may refuse to transfer a case if it is not in the interest of justice. *Coffey*, 796 F.2d at 220; *Van Dusen*, 376 U.S. at 625. Transferring the above cause to a hostile court is not in the interest of justice, but it is in the interest of FedEx to have the case disposed of.

Furthermore, Christoff referred to a prefiling order. Affiant has made several requests for an evidentiary hearing on the prefiling order issued by the Eastern District of Texas, but the Texas courts have been silent on that request.

FURTHER AFFIANT SAYETH NOT.

I declare that the foregoing is true and correct and opinions are those of affiant.

Executed on this the 22nd day of February, 2024.

*/s/ Eric Drake*
Eric Drake